UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DWAYNE E. GRAY,<br>    *Plaintiff*, | )<br>)<br>) | |
| *vs.* | ) | 1:11-cv-01575-JMS-DKL |
| | ) | |
| CONESTOGA TITLE COMPANY; AMERICAN MODERN INSURANCE GROUP; CHASE HOME FINANCE, LLC; SAFEGUARD PROPERTIES, LLC; JT PROPERTY SERVICES; and CITIBANK,<br>    *Defendants*. | )<br>)<br>)<br>)<br>)<br>) | |

## ORDER

Pro se Plaintiff Dwayne E. Gray has filed a Complaint alleging federal claims under 42 U.S.C. § 1983; the Truth-in-Lending Act, 15 U.S.C. § 1601 *et seq.*; and under several state-law theories: "illegal entry and property damage, breach of contract, negligence, fraud, illegal affidavit of default, robo-signing slander of title, [and] bad faith." [Dkt. 1 at 3.] Mr. Gray's Complaint asserts each of the claims against all of the Defendants. The Court has already dismissed Mr. Gray's claims against JT Property Services. [Dkt. 64.] The remaining Defendants have filed motions to dismiss, too. [Dkts. 20; 34; 40; 48; 56.]

### STANDARD OF REVIEW

When reviewing a motion to dismiss, the Court accepts as true all non-conclusory allegations in the Complaint and draws all reasonable inferences from them in favor of the non-moving party, here Mr. Gray. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Additionally, given Mr. Gray's pro-se status, the Court must take an especially liberal view of the allegations in the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quotations

and citations omitted)). The Court can also take judicial notice of matters of public record. *See, e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). The Court must dismiss the Complaint if the allegations, inferences, and matters of judicial notice show that the Complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6).

**BACKGROUND**

**A. Allegations in the Complaint**

Mr. Gray describes the background of his case as follows (using normal capitalization and omitting emphasis):

> The lawsuit and the evidence will clearly show that the Chase Home Finance LL, Citibank, American Modern Insurance Group, Conestoga Title Insurance and JT Properties Services used predatory lending practices, illegal entry and property damage, breach of contract, negligence, fraud, illegal affidavit of default, robo-signing, slander of title, bad faith and all against federal guidelines.

[Dkt. 1 at 3.]

Mr. Gray then provides the following factual summary of his claims:

> On or about May 24, 2002 Plaintiff Dwayne E. Gray executed a promissory note with Chase Home Finance LLC. On August 2, 2005 Citi Bank acting as Chase'[s] loan server filed a motion to foreclose on the property due to Gray's failure to pay Citi Bank in accordance with the terms of the promissory note. Upon receiving the foreclosure papers, Mr. Gray notice[d] a number of deficiencies by Chase and Citibank. For instance, Mr. Gray was in full compliance with the loan[;] however Citibank tried to force a default by saying that they never received payment even though Mr. Gray had receipts proving that he had sent his payment. Next, the foreclosure papers had a number of liens on the property in which Chase had been paid over six (6) hundred dollars (May 24, 2002) for title insurance to Conestoga Title Company who admitted that they had never received the money (March 29, 2006). On or about August 13, 2005 Chase Home Finance LLC paid a total of $5,267.00 to American Modern Insurance Group, then called American Modern Insurance for coverage to protect the interest of Mr. Gray's house. However, when Mr. Gray's house was vandalized Mr. Gray filed claim[,] in which claim was never paid by American Modern Insurance Group. Mr. Gray did in fact request a copy of said policy from American Modern Insurance Group, and they did in fact send it to him; in which he was clearly covered with a $500.00 dollar deductible. Wherefore Mr. Gray's policy should have been paid in full to his person.

> On June 24, 2008 the Honorable Frank J. Otte found pertinent issues and ordered motion to file suit against Conestoga Title company and American Modern Insurance Group; Chase and Citi Bank who charged over $5,267.00 for hazard insurance.
> Claim II: New evidence now exist[s] that Safeguard and JT Properties were directly involved with Chase Home Finance and violated Mr. Gray's due process rights.

[Dkt. 1 at 4.]

On the pro-se complaint form that the Court provided, Mr. Gray indicated that he had filed a state-court action dealing with the "same facts" and "all issues" involved as his claim here. [*Id.* at 5.] He indicated that "part one" of his action (involving Defendant Safeguard Properties, LLC) was appealed to the Indiana Court of Appeals, and summary judgment against Mr. Gray was affirmed [*Id.*] But, he says, "new evidence exist[s] under said cause and a violation of federal law has been established" and "part two" of the action remains pending in the state trial court. [*Id.*]

### B. Items Subject to Judicial Notice

The decision from the Indiana Court of Appeals that Mr. Gray mentioned is available as *Gray v. Safeguard Real Estate Props.*, 2011 Ind. App. Unpub. LEXIS 1313 (Ind. Ct. App. September 19, 2011). In that decision, the Court of Appeals affirmed summary judgment in favor of Safeguard Real Estate Properties d/b/a Safeguard Properties, LLC ("Safeguard"). According to the opinion, Mr. Gray sued Safeguard for "illegal entry and property damage" that resulted to his home while it was in foreclosure. *Id.* at *2.

### DISCUSSION

The Court will first consider Mr. Gray's federal claims before turning to his state-law claims.

**A. Federal Claims**

Although Mr. Gray has asserted two federal claims against all Defendants in this action, neither states a claim upon which relief can be granted.

As for the claim under § 1983, it "requires a showing that the plaintiff was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). Where, as here, the defendants are private entities rather than governmental actors, a plaintiff can only satisfy the color-of-law requirement "if the plaintiff can establish that (1) the private individual and a state official reached an understanding to deprive the plaintiff of her constitutional rights and (2) the private individual was a willful participant in joint activity with the state or its agents." *Id.* (quotation omitted). Because Mr. Gray does not allege that any state actor was even remotely involved in the harms he claims to have suffered, and because none of the Defendants are state actors, he cannot sue under § 1983.

Turning to Mr. Gray's claim under the Truth-in-Lending Act, it has several requirements. Critically, the Act requires (with exceptions not relevant here) a plaintiff wishing to sue for damages to file an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The one-year clock begins at closing. *See Nash v. First Fin. Sav. & Loan Asso.*, 703 F.2d 233, 239 (7th Cir. 1983) ("The violation of the Act is not simply the inaccurate disclosure; it is the consummation of the new transaction without having made the required disclosure.").[1] Because Mr. Gray clearly alleges that he executed his promissory note in 2002, this action filed in 2011 comes too late to qualify under the Truth in Lending Act, meaning that Mr.

---

[1] A plaintiff seeking rescission can, depending on the circumstances, wait for up to three years after the closing. 15 U.S.C. § 1635(f). Mr. Gray seeks only damages, [dkt. 1 at 7], and, in any event, has waited more than three years to file this action.

Gray has effectively "pleaded him[self] out of court." As a consequence, a dismissal under Rule 12(b)(6) is appropriate. *Lekas v. Briley*, 405 F.3d 602, 603 (7th Cir. 2005). And because under the facts that he has already pleaded, any amendment would be futile, no leave to amend will be given. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 943 (7th Cir. 2012) ("[A] district court may refuse leave to amend where amendment would be futile." (citation omitted)).

### B. State-Law Claims

Mr. Gray has also raised state-law claims against the Defendants. Normally where, as here, the Court has resolved all federal claims before trial (and there is no basis in the record to invoke diversity jurisdiction) the Court should dismiss remaining state-law claims without prejudice to the parties' ability to litigate them in state court. *See, e.g.*, *Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999).

That normal rule is, however, inappropriate for Mr. Gray's state-law claims against Safeguard. Mr. Gray has already sued Safeguard once admittedly over the same "facts" and "issues" that he raises here. [Dkt. 1 at 5.] He was unsuccessful in that previous suit, resulting in a judgment in Safeguard's favor that was affirmed by the Court of Appeals. A person may not file suit again over the same facts litigated in an earlier lawsuit. *See Wallace v. State*, 820 N.E.2d 1261, 1263 (Ind. 2005) ("The doctrine of res judicata prevents the repetitious litigation of claims that, like Wallace's, have already been decided." (citations omitted)). This Court must respect the judgments issued in state court. 28 U.S.C. § 1738 (requiring federal courts to give "full faith and credit" to judgments issued by state courts). Res judicata would also preclude any attempt to present a new claim against Safeguard arising from those facts because res judicata covers claims that were not only actually brought, but also those that "could have been brought" regarding the same dispute. *Huber v. United Farm Family Mut. Ins. Co.*, 856 N.E.2d 713, 716 (Ind. Ct. App.

2006) (citations omitted). *See also Kubsch v. State*, 934 N.E.2d 1138, 1144 n.2 (Ind. 2010) (applying res judicata even though the litigant claimed to have "additional evidence" not presented previously). A party has a responsibility to raise all potential claims in one proceeding.

The state of the record regarding the remaining Defendants is not sufficient to overcome the normal rule that the Court should permit the state courts to handle any further litigation in this action. Mr. Gray asserts that litigation is already pending in state court against those Defendants, so these remaining claims may already have a home. The Court will, therefore, leave those matters in the capable hands of the state trial judge.

## Conclusion

The Court **GRANTS** the following motions: Chase Home Finance LLC's motion to dismiss, [dkt. 40]; Safeguard's motion to dismiss, [dkt. 48]; and Citibank's motion to dismiss, [dkt. 56]. All are dismissed with prejudice.

The Court **GRANTS IN PART** American Modern Insurance Group's ("American Modern") motion to dismiss, [dkt. 20]; and Conestoga Title Company's motion to dismiss, [dkt. 34]. The motions are granted with prejudice as to the federal claims that Mr. Gray has raised. The Court does, however, dismiss without prejudice his state-law claims, as permitted under 28 U.S.C. § 1367.

The Court **DENIES AS MOOT** American Modern's Motion to Strike. [Dkt. 44.]

The Court **DENIES IN PART** Mr. Gray's motion for leave to amend supporting documentation, [dkt. 46]. It is denied to the extent, if any, that the motion relates to the claims that the Court has resolved in this order; any amendment on these claims is futile. To the extent that the motion relates to state-law claims that survive this Order, the Court makes no ruling on it.

The Court **DENIES** Gray's motion to strike the Defendants' motions to dismiss, [dkt. 51], because the Defendants are not in default, as Mr. Gray claims and because the other arguments that he raises do not impact the claims that the Court has resolved in this action.

Final judgment will now issue.

06/05/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

DWAYNE E. GRAY
5567 West 43rd Street
Indianapolis, IN 46254

**Distribution via ECF only:**

Elizabeth J. Wysong Berg
GOODIN ABERNATHY LLP
eberg@goodinabernathy.com

Matthew W. Conrad
GEIGER CONRAD & HEAD LLP
matt.conrad@gch-law.com

Oni N. Harton
BOSE MCKINNEY & EVANS, LLP
oharton@boselaw.com

Deborah A. Kapitan
KOPKA PINKUS DOLIN & EADS LLC
dakapitan@kopkalaw.com

Richard M. Malad
COHEN & MALAD LLP
rmalad@cohenandmalad.com

Theodore J. Nowacki
BOSE MCKINNEY & EVANS, LLP
tnowacki@boselaw.com

Matthew D Snyder
KOPKA PINKUS DOLIN & EADS PC
mdsnyder@kopkalaw.com

TaKeena Monette Thompson
COHEN & MALAD, LLP
tthompson@cohenandmalad.com