## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DWAYNE E. GRAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CONESTOGA TITLE COMPANY, et )<br>al., )<br>)<br>Defendants. )<br>) | 1:11-cv-1575-JMS-DKL |

**Entry Discussing Selected Matters**

**I.**

**A.**

Dwayne Gray alleged that the defendants "used predatory lending practices, illegal entry and property damage, breach of contract, negligence, fraud, illegal affidavit of default, robo-signing, slander of title, bad faith and all against federal guidelines." The action was dismissed on June 6, 2012. Federal claims were dismissed with prejudice, pendent state law claims against Safeguard Properties, LLC were dismissed with prejudice, and the remaining pendent claims under state law were dismissed without prejudice.

The entry of final judgment was followed by Gray's filing of June 27, 2012, wherein he seeks a rehearing and certification for an interlocutory appeal. This filing was made within 28 days from the entry of judgment on the clerk's docket.

Given the timing of the motion for rehearing relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)).

There was in this case no manifest error of law or fact. The court did not misapprehend Gray's claims or the related litigation, nor did it misapply the law to his claims. Accordingly, the post-judgment motion for rehearing, treated as a motion to alter or amend judgment [67], is **denied.**

### B.

The motion for certification of an interlocutory appeal [67] is **denied** because final judgment has been entered on the clerk's docket.

### II.

Gray's motion for ruling on motion [68] is **denied as moot**.

**IT IS SO ORDERED.**

Date: 09/06/2012

_Jane Magnus-Stinson_
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Dwayne E. Gray
5567 West 43rd Street
Indianapolis, IN 46254

All Electronically Registered Counsel